**KRANTZ & BERMAN** LLP

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Kimberly A. Yuhas

David V. Kirby
Aaron Twersky
*Of Counsel*

Writer's E-mail
lkrantz@krantzberman.com

November 29, 2013

**By ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, 8th Floor Mailroom
New York, New York 10007

    Re:    **U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)**

Dear Judge Swain:

    We write in opposition to the Non-Party Trustee's Motion to Quash Subpoena, dated Nov. 20, 2013 ("Motion to Quash"), filed by Baker & Hostetler LLP, counsel for Irving Picard, as Trustee for Madoff Securities ("Movant"). The Motion to Quash is filed in connection with a Rule 17 subpoena that defense counsel served on AlixPartners (the "Subpoena"), a consultant for the Trustee. For the reasons set forth below, the Subpoena is narrowly tailored and calls for the production of relevant and admissible evidence relating to the trial testimony of Matthew Cohen, a Managing Director of AlixPartners. Accordingly, the Motion to Quash should be denied.

    **The Legal Standard**

    The law in this district is clear: "[c]riminal defendants have the right to 'put before a jury evidence that might influence the determination of guilt.' To effect this right, a defendant must have the ability to obtain that evidence." *United States v. Tucker*, 249 F.R.D. 58, 65 (S.D.N.Y. 2008) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)). Towards that end, Rule 17(c) of the Federal Rules of Criminal Procedure permits a criminal defendant to seek materials from a third party by serving a "subpoena [that] may order the witness to produce any books, papers, documents, data or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). Upon receipt, a third party may move to quash the subpoena only if compliance with it "would be 'unreasonable or oppressive,' but not otherwise." *United States v. Nixon*, 418 U.S. 683, 698 (1974); *see also* Fed. R. Crim. P. 17(c)(2).

    When evaluating a criminal defendant's request for production of evidence, courts in the Second Circuit commonly utilize the Supreme Court's test laid out in *Nixon*, although a more lenient standard is sometimes applied when a subpoena is addressed to a non-party (such as

747 Third Avenue   32nd Floor   New York, New York 10017-2803   Telephone 212.661.0009   Fax 212.355.5009   www.krantzberman.com

here).[1]  Since the more stringent *Nixon* standard is met in this case, however, there is no need for the Court to address whether the broader standard is applicable.

Under *Nixon*, a subpoena issued under Rule 17(c) must meet a three-prong test, whereby the material sought must be (1) relevant; (2) admissible; and (3) specific. *See Nixon*, 418 U.S. at 700. The first prong of the *Nixon* test – relevance – "requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Libby*, 432 F. Supp.2d 26, 31 (D.D.C. 2006); *see also United States v. Khan*, 2009 WL 152582, at *3 (E.D.N.Y. Jan. 20, 2009) ("Evidence is relevant if it has 'any tendency to make the existence of any fact . . . more probable or less probable.'") (citing F.R.E. 401).

The second prong under *Nixon* requires the evidence sought by a Rule 17(c) subpoena to be "admissible." However, once material is deemed relevant under *Nixon's* first prong, it is presumptively admissible unless otherwise privileged. *See United States v. Rajaratnam*, 753 F. Supp.2d 317, 320 n.1 (S.D.N.Y. 2011) (citing Fed. R. Evid. 402). Moreover, to be "admissible" under *Nixon*, the material need not actually be *used* in evidence; instead, the material must only be subpoenaed in a good faith effort to *obtain* evidence. *See In re Martin Marietta Corp.*, 856 F.2d 619, 622 (4th Cir. 1998); *see also Rajaratnam*, 753 F. Supp.2d at 320 n.1 (citing *Bownman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951)). Accordingly, "[w]hile the request may not be for materials that might *lead* to [other] admissible evidence, as under the discovery rules, the request can be for materials that will themselves *ripen* into admissible evidence." *United States v. Carollo*, 2012 WL 1195194, at *2 (S.D.N.Y. Apr. 9, 2012) (emphasis added); *see also Khan*, 2009 WL 152582, at *4 (denying motion to quash subpoena of certain impeachment material, noting that "[s]uch material 'ripen[s] into evidentiary material for purposes of impeachment only if and when the witness testifies at trial[.]'") (citing *United States v. James*, 2007 WL 914242, at *29 (E.D.N.Y. Mar. 21, 2007)).

The third prong of the *Nixon* test requires that the evidence requested by the subpoena be specific. However, the *Nixon* case itself demonstrates that utter specificity is not required. *See Nixon*, 418 U.S. at 700 (observing that "the contents of the subpoenaed tapes could not at that stage be described fully"). Indeed, "requiring the defendant to specify precisely the documents

---

[1] Under Rule 17(c) of the Rules of Criminal Procedure, a criminal defendant may issue subpoenas to a party or a non-party. Where, as here, a defendant seeks to obtain discovery from a non-party, some courts have applied a more lenient standard than *Nixon*. For example, Judge Scheindlin has clarified that the *Nixon* standard is "inappropriate where production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense." *Tucker*, 249 F.R.D. at 66; *see also United States v. Nachamie*, 91 F. Supp.2d 552, 563 (S.D.N.Y. 2000) (observing that the *Nixon* standard "made sense in the context of a Government subpoena," but suggesting a broader standard for all third-party subpoenas under Rule 17(c)). Thus, by contrast, a growing number of courts apply a more flexible standard to non-party subpoenas under 17(c), requiring the criminal defendant to show only that the material sought is "(1) reasonable, construed using the general discovery notion of 'material to the defense;' and (2) not unduly oppressive for the producing party to respond." *Nachamie*, 91 F. Supp.2d at 563; *accord Tucker*, 249 F.R.D. at 66. As noted above, it is not necessary to address this more lenient standard here, since the *Nixon* standard is met.

he wants without knowing what they are borders on rendering Rule 17 a nullity." *Rajaratnam*, 753 F. Supp.2d at 320 n.1.

Applying these standards here, there is no question but that the subpoena issued to AlixPartners is fully appropriate under the *Nixon* standard. Consequently, there is no conceivable basis for quashing the subpoena.

### **The Subpoena Easily Passes the *Nixon* Test**

At the outset, we note that the Subpoena is quite narrowly drawn. Indeed, it requests just three types of documents. Moreover, for purposes of streamlining this motion, we withdraw our first request (for engagement letters setting forth the scope of AlixPartners work), because this information is simply not important enough for us to debate over.

Accordingly, the only documents sought are: (1) time sheets and invoices describing meetings or calls between Matthew Cohen and the United States Attorney's Office ("USAO") or the Federal Bureau of Investigation, and (2) a copy of one e-mail from the undersigned to Matthew Cohen dated October 13, 2013. These requests easily meet the *Nixon* standard.

As to the relevance prong, the time sheets and invoices requested will assist the defense in establishing the dates on which Mr. Cohen spoke with the Government – a subject upon which he testified he could not recall – as well as the length of those meetings and the subject matter discussed. *See, e.g.,* Oct. 21, 2013 Trial Tr. at 627:11-628:24. This information is plainly relevant in assessing Mr. Cohen's trial testimony as to an alleged "confession" made to him by Mr. Perez in December 2008 or January 2009 – a "confession" that was not disclosed to the USAO until one or two days before opening statements. The information sought will also assist the defense in establishing whether Mr. Cohen billed for his meetings with Government, which goes to his bias. Further, as to the singular e-mail requested, Mr. Cohen was shown a copy of this e-mail during his testimony, but testified that he could not authenticate it. *See id.* at 651:20-652:7. Thus, we seek to obtain his copy of the e-mail so that it may be offered in evidence to establish the exact language of the request made to him by counsel for the defense prior to his testimony – all of which goes to his bias and credibility. Since all of this information would assist the jury in assessing the accuracy and credibility of Matthew Cohen's testimony, it is certainly relevant.

As to admissibility, all of the requested information is plainly admissible. The time records and invoices constitute business records, and the e-mail is not offered for its truth, but just for the fact that it was received by Mr. Cohen. Thus, all of the information requested is basic documentary evidence that is routinely admitted at trial.

Finally as to specificity, it is hard to imagine a more narrowly drawn subpoena (which was done by design – to avoid motion practice). The documents requested are precisely identified and not at all voluminous. Thus, there is no possible basis for objection in this regard.

For all of the above reasons, the motion to quash should be denied. Moreover, all of the Movant's arguments to the contrary lack merit, for the reasons set forth below.

Honorable Laura Taylor Swain
Date:  November 29, 2013
Page 4 of 5

  Movant's principal argument appears to be its claim that the information requested is inadmissible because "the Subpoena requests only extrinsic evidence on collateral matters, and such evidence is inadmissible for purposes of impeachment or to prove one's character for veracity – precisely the use that Perez's counsel intends at trial."  Non-Party Trustee's Memorandum of Law in Support of Motion to Quash Subpoena, dated Nov. 20, 2013 ("Movant's Memo. of Law"), at 10.  This argument misunderstands the relevance and potential use of the information sought.

  It is not the case that the documents subpoenaed relate to a "collateral matter."  As the Second Circuit has observed:

> [T]he determinative question in deciding whether extrinsic evidence contradicting a witness' testimony is admissible is not whether the contradicting extrinsic evidence is material or collateral, but whether the assertion that the impeaching party seeks to contradict is itself material or collateral.

*Justice v. Hoke*, 90 F.3d 43, 48 (2d Cir. 1996).  Here, the main assertion made in Mr. Cohen's testimony was that Mr. Perez had, in effect, "confessed" to him that he was paid by Bernard Madoff to continue working on projects as to which he was uncomfortable.  This assertion *goes to the very heart of the defense, and is by no stretch collateral.*  Thus, any relevant evidence used to impeach or contradict this testimony – for example, evidence showing the date of a prior inconsistent statement or material omission, or evidence going to bias – is plainly not "collateral."  Moreover, Federal Rule of Evidence 608(b) (referring to extrinsic evidence used to prove prior instances of a witness's misconduct) is wholly inapplicable here because we are not seeking to impeach Mr. Cohen relating to prior instances of misconduct at all.  Rather, we are focused on the issues of a prior inconsistent statement, the failure to report the alleged "confession" to the Government in multiple prior meetings, and potential bias.  None of these purposes are "collateral" at all.

  Moreover, Movant's argument that the subpoena should be quashed because Mr. Cohen has already been examined on the subject, or because the Court ruled that defense counsel is "stuck" with the witness's answer, is misplaced.  As to the prior cross-examination, the simple fact is that the witness had no recollection regarding the dates of his prior meetings or of the subject matter of those meetings.  Nor could he recall if the e-mail shown to him was the one he received.  Thus, the claim that this information is "cumulative" is meritless.  Equally baseless is Movant's claim that the subpoenaed materials will result in a "mini trial on facts of no relevance . . . ." Moving Memo. of Law at 14.  As noted above, the information sought is both relevant and narrowly circumscribed.  Thus, there will be no "mini-trial" on an irrelevant issue.  Finally, the Court's ruling that defense counsel was "stuck" with the answer related only to the fact that if the witness denied the prior inconsistent statement, or could not recall it, it could not be proven by extrinsic evidence *as part of the cross-examination.  See* Oct. 21, 2013 Trial Tr. at 636:5-637:16.  Thus, this ruling did not imply that the topic was forever foreclosed – indeed, it is fully proper to prove a prior inconsistent statement through extrinsic evidence.  *See* Fed. R. of Evid. 613(b).  Moreover, the defense has every right to recall Cohen in its own case, if it should choose to do so.

Honorable Laura Taylor Swain
Date: November 29, 2013
Page 5 of 5

  Additionally, Movant's arguments that the subpoena is "oppressive," calls for the production of "privileged materials," and will require "extensive redaction," *see* Movant's Memo. of Law at 15, are all without merit. First, there is nothing oppressive about the subpoena at all, as it is quite narrowly drawn. Second, any privileged materials may be withheld or redacted, as we have made clear to Movant's counsel. Finally, the fact that some redaction might be needed is hardly a basis to quash a subpoena. Indeed, we have also advised Movant's counsel, that they may provide the information in the most convenient form possible for them, in order to avoid any unnecessary inconvenience.

  Finally, Movant's suggestion that service of the Subpoena at issue somehow violates a prior agreement reached with defense counsel Andrew Frisch, regarding a prior subpoena that he served on behalf of all defense counsel, is misguided. As set forth in the moving affidavit of Regina Griffin, the only agreement reached with Mr. Frisch was that the Trustee's prior production of documents "would constitute the Trustee's full and complete satisfaction of the [September 16] subpoena." Affidavit of Regina Griffin in Support of Non-Party Trustee's Motion to Quash, dated Nov. 20, 2013, at ¶ 16; Exh. 3. Obviously, this was not an agreement relating to a *future* subpoena on *a wholly different subject matter*. Thus, this argument is an attempt to misuse the prior agreement reached with Mr. Frisch, and should be rejected.

  In sum, the Motion to Quash lacks all merit, and should be swiftly denied.

            Respectfully submitted,

            _____/s/_____
            Larry H. Krantz
            Kimberly Yuhas

cc:  Matthew Schwartz, AUSA (by ECF)
    Regina Griffin (By ECF and E-mail)